# United States District Court
## for the
### Western District of New York

| | |
|---|---|
| United States of America<br><br>v.<br><br>**Omid KAZEMIMANESH**<br><br>*Defendant* | Case No. 25-mj-1237 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of March 8, 2025, in the County of Erie, in the Western District of New York, the defendant **OMID KAZEMIMANESH,** did knowingly and willfully make materially false statements, and knowingly and willfully make or use any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement in a matter within the jurisdiction of executive branch of the United States Government.

All in violation of Title 18, United States Code, Sections 1001(a)(2) and 1001(a)(3).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

JOSHUA A. HASLINGER
Special Agent
Homeland Security Investigations
*Printed name and title*

Sworn to before me telephonically.

Date: March 9, 2025

*Judge's signature*

City and State: Buffalo, New York

HONORABLE JEREMIAH J. MCCARTHY
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK )
COUNTY OF ERIE        )    SS:
CITY OF BUFFALO      )

I, Joshua A. Haslinger, being first duly sworn, hereby depose and state as follows:

1. I am a Special Agent with Homeland Security Investigations ("HSI") and have been since 2007. My duties include investigating individuals suspected of having violated federal immigration laws and other related statutes.

2. I make this Affidavit in support of the annexed Criminal Complaint charging **Omid KAZEMIMANESH**, herein after "the defendant", an Iranian born Canadian citizen, born 1987, with making materially false, fictitious or fraudulent representations to Customs and Border Protection officers in a matter within their jurisdiction, in violation of Title 18, United States Code, Sections 1001(a)(2) and 1001(a)(3).

3. The statements contained in this Affidavit are based upon my personal knowledge and upon information provided to me by U.S. Customs and Border Protection ("CBP") Officers. Because this Affidavit is being submitted for the limited purpose of securing a Criminal Complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant did knowingly violate Title 18, United States Code, Sections 1001(a)(2) and 1001(a)(3).

4. On October 18, 2024, the defendant arrived at the Lewiston-Queenston Bridge Port of Entry in Lewiston, New York, in the Western District of New York. During the inspection, the defendant stated he had served in the Iranian Army approximately thirteen years ago. The defendant could not provide any documentation related to the military service. The defendant was determined to be inadmissible to the United States as an immigrant without documents and denied entry. The defendant was advised that to gain entry into the United States he would need to provide his military completion card and supporting documentation issued by the Iranian military with certified English translation that showed which branch of the military he had served.

5. On March 8, 2025, the defendant arrived at the Lewiston-Queenston Bridge Port of Entry in Lewiston, New York, in the Western District of New York. During a secondary inspection, a CBP Officer asked the defendant to provide proof of Iranian military service. The defendant provided an Iranian military service card as well as Iranian military discharge paperwork with certified English translation. The defendant stated the Iranian military documents were originals and were provided by the Iranian government approximately 3-4 months after the completion of his military service with the Iran Army Ground Forces (NEZAJA). After review of the military card, the CBP officer suspected the card to be fraudulent and inserted the card in CBP authenticity system which has the capability to test for known security features that military cards like the one the defendant presented must possess. The military service

card was determined to be fraudulent by the CBP authenticity system. The CBP officer told the defendant that the military service card appeared to be fraudulent.

6. When the officer confronted the defendant with this information, the defendant confessed that he paid a company to produce the fraudulent military service card as well as the supporting Iranian military discharge documents. The defendant further told the officer that he knew the documents were fraudulent because he served in the Islamic Revolutionary Guard Corp (IRGC) and not the NEZAJA, which was represented on the documentation.

7. Later on March 8, 2025, your affiant arrived at the Queenston-Lewiston Bridge Port of Entry and began an interview of the defendant and read him his *Miranda* rights. The defendant stated he understood his *Miranda* rights and agreed to waive the rights to speak with law enforcement without an attorney present. During the interview, the defendant stated he was aware that he needed to present Iranian military paperwork along with his immigration documents after being denied entry into the United States in October 2024. The defendant stated he knew the Iranian military documentation he presented to the CBP Officers was fraudulent because he purchased the documentation from an Iranian on Instagram for approximately three hundred U.S. dollars in February 2025. The defendant also stated he knew the documents were fraudulent due to the low cost and how quickly he received them. The defendant further stated that if he were to get authentic documentation from the Iranian government it would cost approximately twenty thousand U.S. dollars. The defendant also stated he knew the documentation was fraudulent because it incorrectly stated his

3

service was with the NEZAJA when in fact his military service was with the IRGC. The defendant stated he knew if the documentation stated his military service was with the IRGC it would preclude him from being admitted into the United States due to it being designated a foreign terrorist organization by the United States.

**WHEREFORE**, I respectfully submit that the foregoing facts establish probable cause to believe that on March 8, 2025, **Omid KAZEMIMANESH**, did knowingly and willfully make materially false statements to United States Customs and Border Protection officers, used false documents knowing the same to contain any materially false, fictitious, or fraudulent statements, regarding matters within the executive branch of the United States, all in violation of Title 18, United States Code, Sections 1001(a)(2) and 1001(a)(3). I further request that a Criminal Complaint in the form annexed be issued.

*Joshua A. Haslinger*
Joshua A. Haslinger
Special Agent
Homeland Security Investigations

Sworn to and signed telephonically on
this 9th day of March 2025

_____
HONORABLE JEREMIAH J. MCCARTHY
United States Magistrate Judge

4